**EMPIREGAS INC. OF MALDEN, Missouri, Plaintiff-Appellant,**

v.

**L. C. HOGELAND, Defendant-Respondent.**

**No. 9951.**

Missouri Court of Appeals, Springfield District.

June 30, 1976.

James M. Hux, Hux & Green, Sikeston, for plaintiff-appellant.

Paul W. Seabaugh, Cable & Seabaugh, Kennett, for defendant-respondent.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

PER CURIAM.

Respondent L. C. Hogeland was hired in January 1971 to serve as a driver-salesman for appellant Empiregas Inc. of Malden, Missouri. On June 17, 1974, Hogeland signed a printed "Employment Contract", which reads in material part as follows:

"9. That as a part of the consideration for this employment agreement, the employee agrees that during the period of his employment, and for a period of thirty-six months from the termination of his employment for any reason he will not associate himself with, or engage in, directly or indirectly, as an employee, owner, partner or shareholder, or be financially interested in, any liquified petrole-

um gas business located within a radius of fifty miles of any city in which the employer was engaged in the liquified petroleum gas business at any time within the twenty-four months preceding termination of his employment.

"That as a further part of the consideration for this employment agreement, the employee agrees that after termination of his employment for any reason, he will not at any time thereafter divulge or impart to any competitor of the employer any information learned about the company or its business during the course of his employment, including but not limited to names and addresses of customers, routes, methods of solicitation and servicing of such customers.

"That as a further part of the consideration for this employment agreement, the employee agrees that during a period of thirty-six months from the termination of his employment, he will not for any reason related to the liquified petroleum gas business, call upon, solicit, divert, take away, deliver to, sell, service or otherwise deal with the employer's customers who were served by the company or any of its branches or affiliated companies at any time within twenty-four months preceding the termination of his employment, and will not assist or aid others to do so."

Hogeland terminated his employment with Empiregas and accepted a similar position with Semo Gas Company, Inc. of Malden, Missouri. Thereafter, Empiregas petitioned for injunctive relief, recited the aforementioned change of employment, and alleged that Hogeland's actions were contrary to the terms of the employment contract. The Circuit Court of Dunklin County issued a temporary restraining order and thereafter the cause was submitted to the court upon a stipulation of facts. The judgment modified the prior restraining order and, in essence, restrained respondent from all acts proscribed by paragraphs two and three of provision nine of the employment contract, supra, but ruled that the first paragraph of provision nine was unreasonable, against public policy, and void. We affirm.

■ The first restrictive paragraph encompasses an area within a fifty-mile radius of any city in which Empiregas was engaged in the liquified petroleum gas business. An arc of such dimension circumscribes portions of Arkansas, Illinois, Kentucky, Missouri and Tennessee. Covenants restricting the activities of employees after employment ceases must be reasonable [*Prentice v. Williams*, 324 S.W.2d 466, 469[3] (Mo.App.1959)] and will not be enforced where "the area in which the restriction is to be enforced is larger than reasonably necessary for the protection of the covenantee". *Renwood Food Products v. Schaefer*, 240 Mo.App. 939, 223 S.W.2d 144, 152[5, 6] (1949). The stipulated facts state only that Empiregas sells liquified petroleum gas in the Dunklin County area. No mention is made of whether Empiregas does, or is qualified to do, business in any state except Missouri. The area described in the first paragraph is unreasonable in view of the Empiregas sales area.

The judgment of the circuit court, enforcing the remainder of the employment contract, affords Empiregas ample protection from respondent's use of knowledge gained during his employment with Empiregas.

The judgment is affirmed.

All concur.